BROWNLEE v. MARTIN.

1. The rule that a parol agreement is merged in a subsequent written agreement on the same subject, and that the terms of such agreement cannot, in the absence of fraud, mistake, or ambiguity, be varied or contradicted by parol testimony of a previous understanding, does not apply where a deed absolute on its face was executed merely as a security for a debt, and such a deed cannot be converted into an absolute conveyance by any subsequent written agreement, unless such agreement was based upon a sufficient consideration and is shown by the mortgagee to have been fairly made, without undue influence on his part.

2. But where there are no allegations in the pleadings of an agreement different from that which was executed in writing, the Circuit judge correctly ruled that the written paper must be considered as containing all the terms of the agreement between the parties.

3. The correctness of a charge will be considered with reference to the case made, and not as an abstract proposition.

4. Where an agreement in terms declared that "this paper is not a mortgage, but a contract for a conditional sale," and the defendant in her answer designated it as "a contract for a conditional sale," her exception to the charge of the judge, that "the paper was a conditional sale," cannot be sustained.

5. In action for the recovery of real property, the defendant set up as a defence that plaintiff had agreed to convey to her this land, and also another tract, upon payment of a stated amount, and had subsequently taken such other tract in full payment of the amount so stipulated. *Held*, that this defence raised an equitable issue, which should have been decided by the judge himself; and this issue having been left to the jury, and judgment having been entered upon their verdict, the judgment was reversed and a new trial ordered.

MR. JUSTICE McGOWAN concurred in the result.

Before KERSHAW, J., Abbeville, October, 1883.

This action was commenced January 6, 1882. The opinion fully states the case.

*Messrs. Perrin & Cothran* and *E. B. Gary*, for appellants.

The general denial of the answer put in issue every fact which went to make up the title claimed by plaintiff. 17 *S. C.*, 287; 11 *Id.*, 521; 12 *How.*, 147; 11 *Rich. Eq.*, 582. This issue being made, the court was bound to admit parol testimony as to the truth of the allegation. The original deed is shown to have been a mortgage, and therefore it must always remain such. *McMull. Eq.*, 1. It may be shown by parol to have been intended as a mortgage, and its character as such cannot be changed, except by sale of the equity of redemption *bona fide* and for valuable consideration. The subsequent agreement for a conditional sale is therefore void. 3 *Rich. Eq.*, 153; 11 *Rich. Eq.*, 582; 12 *How.*, 147; 3 *J. J. Marsh.*, 355; 2 *Cow.*, 324; 7 *Johns. Ch.*, 40.

*Mr. W. H. Parker*, contra.

The contract between the parties here was not a mortgage, but a conditional sale. *Jones Mort.*, §§ 258, 261–263, 272; *Herm. Mort.*, § 155; 18 *Cal.*, 118; 80 *Ill.*, 190; 9 *Ga.*, 151; 45 *Id.*,

628; 5 *Mylne & C.*, 304; 2 *Edw. Ch.*, 144. The essentials of a mortgage are wanting. There was no loan. *Jones Mort.*, §§ 264–269, 275, 325; 19 *Wend.*, 520; *Herm. Mort.*, 143, 150, 155, 169. Here, there was neither right to foreclose, nor right to redeem. *Herm. Mort.*, § 149; 7 *Cr.*, 218; *Jones Mort.*, § 259. No personal obligation by Mrs. Martin to repay the money. *Hill Real Prop.*, 555; *Jones Mort.*, 331, 332; 19 *S. C.*, 126. Mrs. Martin was not the grantor. In a mortgage, the defeasance must be in favor of the grantor. *Jones Mort.*, §§ 241, 268; 14 *Pick.*, 479; *Herm. Mort.*, § 158; 2 *Edw. Ch.*, 138. But if the deed was a mortgage, its character has been changed by the subsequent agreement under seal. *Jones Mort.*, § 340. Parol evidence cannot be received to vary, contradict, or modify a written instrument. 1 *Greenl. Evid.*, § 248; 1 *DeSaus.*, 340; 1 *McCord Ch.*, 505; 1 *Rich. Eq.*, 91; 3 *Id.*, 153; 6 *S. C.*, 353; 18 *Id.*, 289; 19 *Id.*, 121; *Ibid*, 607; 3 *Metc.*, 548. Besides, the evidence offered does not support any of the allegations of the answer. *Code*, § 171. An equitable defence cannot be made under a general denial. 4 *S. C.*, 49; *Jones Mort.*, § 277. But the instrument was properly construed by the court, and not referred to the jury. 3 *S. C.*, 251; 19 *Id.*, 124. This was an action at law, and its character could not be changed by defendants' equitable defence if pleaded. 18 *S. C.*, 232. The judge passed upon all the facts which would raise an equitable defence.

September 9, 1884. The opinion of the court was delivered by

MR. JUSTICE McIVER. This is an action to recover the possession of a certain tract of land in Abbeville county, known as the "River Place." The complaint simply alleges, in general terms, that the plaintiff has title, without setting out the sources of his title.

The answer sets up three defences. 1. A general denial of plaintiff's title. 2. That at a sale of the real estate of one Cunningham, deceased, made by his executor, under an order of the court, on December 3, 1877, the defendant, Josephine, bid off the "Home place" and the "River place" (the latter being the tract in controversy) at the sum of $1,609.75; that the said Josephine "was the principal devisee of the said J. J. Cunningham, and

thereby purchased the property at a much less sum than the plaintiff, or any one else, could have done ; and that knowing this fact, and seeing that the said Josephine A. Martin could not comply with her bid, the plaintiff proposed to the said defendant to have her bid transferred to him upon certain conditions which were agreed upon, and the bid was so transferred, as by reference to the said agreement or contract for conditional sale, a copy of which is hereto appended and made a part of this answer, will more fully appear." That "by the terms of the said contract for conditional sale, plaintiff agreed to make good and sufficient title to the said premises unto the said J. A. Martin, if she, her heirs, &c., paid the plaintiff on or before December 3, 1879, the amount of the said bid, with interest. The plaintiff in the mean time received titles from the executor upon defendant Josephine A. Martin's bid. That in pursuance of said agreement in 1878 the said defendant, J. A. Martin, paid the interest on one-half of the said bid, to wit, $56, and also $15, the costs of the papers, title, deed, &c., from the executor to the plaintiff."

The third defence is stated in the answer as follows : "That on December 1, 1879, before the payment of the said amount was due, the plaintiff having found a purchaser for the Home place, upon which the defendants were then living, came to the defendant, J. A. Martin, and proposed to her that if she and her husband would move from the Home place to the River place, that he, the plaintiff, would take the Home place for the debt and give them good and sufficient title to the River place, which they did. That the plaintiff then sold the Home place for $2,000, an advance of $400 on what the bid was for both places. That the said defendant then had an opportunity of borrowing the money and paying off the whole amount, but plaintiff said to take the River place and be sure of a home, and so defendant and her husband, relying on plaintiff's agreement, moved to the River place on January 6 following, and have been there ever since. That the said defendant, J. A. Martin, has made valuable improvements on the place and cultivated and used the same as if her own property. That the said plaintiff has promised repeatedly to give the defendant, J. A. Martin, title to the said place, but has never done so."

The written agreement above referred to bears date January 28, 1878, and after reciting the fact that the two tracts of land above mentioned had been bid off at the sale by the defendant, Josephine, at the sum above mentioned, and that "the said Josephine Martin not being at the time ready to comply with the terms of the sale of the said land, transferred and assigned her bid or purchase to John E. Brownlee, of said state and county, to whom the said James S. Cothran (who was the executor of Cunningham) has made a conveyance of the same, dated the third day of December, in the year of our Lord one thousand eight hundred and seventy-seven," contains the following covenants: "That if the said Josephine Martin, her heirs, executors, or administrators, shall well and truly pay to the said John E. Brownlee, his executors or administrators, the said sum of sixteen hundred and nine dollars and seventy-five cents, with lawful interest from the date of the deed aforesaid, on or before the third day of December, in the year of our Lord one thousand eight hundred and seventy-nine (A. D. 1879) in full, then, and in such case, the said John E. Brownlee covenants to and with the said Josephine Martin, that he or his heirs at law or devisees, will convey the land aforesaid in fee simple, and according to the same title and interest as he has received from James S. Cothran, to the said Josephine Martin, her heirs and assigns forever." Then follows a covenant on the part of Josephine Martin, that she and her husband will not commit waste upon the said land, after which is a covenant in the following language: "It is further distinctly understood, and this is the agreement, that this paper is not a mortgage, but a contract for a conditional sale, and that if the said Josephine Martin shall not pay the sum of money aforesaid, according to the agreement aforesaid, the said John E. Brownlee, his heirs and assigns, shall have and take possession of the tracts of land aforesaid on the day or thereafter on default of payment shall be made, as aforesaid, as his own absolute property in fee simple forever, under the deed made to him by James S. Cothran aforesaid."

The cause came on to be heard before Judge Kershaw and a jury, when the deed from Cothran, as executor, to the plaintiff was offered in evidence, as well as the contract above set forth.

No other testimony offered at the trial is set out in the "Case," but .the judge's charge to the jury, which seems to be set out in full, contains a statement of the testimony adduced at the trial. From this statement it appears that the deed from Cothran to plaintiff, though dated December 3, 1877, was not actually executed until the 24th day of that month; that Mrs. Martin, who was residing at the Home place when the written contract above referred to was executed, continued in possession of both of the tracts of land until early in January, 1880, when she removed to the River place, and that when she moved out one Holland, to whom the plaintiff had sold the Home place for $2,000 between December 3 and the time when Mrs. Martin moved out, took possession.

The judge states that the plaintiff offered testimony tending to show that he took the bid of Mrs. Martin off her hands at her request, and without any condition or qualification whatever; that the subsequent written agreement of January 28, 1878, was made at the request of the defendant, and as a favor to her; that after the expiration of the time limited by the agreement for the payment of the money, she gave up the purchase, and that he, from kindness merely, allowed her to remove to the River place, consenting that she should remain there two years free of rent; and he instructed the jury that if they believe this testimony their verdict should be for the plaintiff.

The defendant, on the other hand, offered parol testimony tending to show that the agreement between her and the plaintiff was that he was to advance the money to pay for the land and take the title as security for such advance, and that he was to reconvey to her, upon payment of the purchase money, the written agreement above referred to being executed merely for the purpose of securing to her the right to a reconveyance when the purchase money was refunded to him, and giving to her two years within which to make such payment. This testimony was received subject to objection, and the judge ruled that it was incompetent because it tended to change the character of the written agreement, in which there was no ambiguity and nothing which seemed to require explanation; saying to the jury that, "whatever may have been the terms of the negotiations which preceded

this instrument, the parties thereto being competent to contract, not deceived by any fraudulent artifice or concealment, nor misled by any mistake, have themselves put in writing, under seal, with great solemnity, what they understood the contract to be. That instrument must be considered as containing the whole contract, and cannot be varied or contradicted by any verbal agreement upon the same subject which preceded it."

He therefore instructed the jury that the written agreement, taken in connection with the previous conveyance to the plaintiff, makes out an absolute title in the plaintiff, duly qualified by the terms of that paper; that such agreement was not a mortgage, but a conditional sale; that time was of the essence of the contract, and if Mrs. Martin failed to pay or tender the money at the day appointed, December 3, 1879, the title to the land became absolutely vested in the plaintiff, without qualification, unless before that time some new relations were established between the parties by a valid contract. The judge then brought to the attention of the jury the fact that the defendant claimed that there was such an additional contract, alleged by the defendant in her answer, stated above as the third defence, and he instructed the jury that if such allegations were established, and such additional contract was made before December 3, 1879, then the plaintiff could not recover; but if no such additional contract was made, or if made after December 3, 1879, when the defendant had no rights under the contract for a conditional sale, which could form the basis of a valid verbal agreement, then the verdict must be for the plaintiff.

The jury rendered a verdict for the plaintiff, and judgment being entered upon the verdict, the defendants appeal upon the following grounds: "1. Because, it is respectfully submitted, his honor erred in charging the jury that the agreement, executed January 28, 1878, taken in connection with the previous conveyance, must be considered as containing the whole contract, and cannot be varied or contradicted by any verbal agreement, upon the same subject, which preceded it. 2. Because, it is respectfully submitted, his honor erred in refusing to hold that it was competent to show that the deed of December 3, 1877, executed on 24th, absolute on its face, was in fact a security for a loan,

and thence a mortgage, and if so shown, that no subsequent agreement, verbal or written, not supported by valuable consideration, is competent to even change its character. 3. That his honor erred in holding that the agreement of January 28, 1878, was a conditional sale. 4. Because the defence set up in the answer of defendant was equitable in its nature, and the judgment cannot be entered upon the verdict of the jury."

We do not think that the Circuit judge charged exactly what is imputed to him in the first ground of appeal. He did not charge that the written agreement of January 28, 1878, taken in connection with the previous conveyance, constituted the whole contract between the parties, but his charge was that the written agreement constituted the whole contract between the parties, and that such agreement, taken in connection with the previous conveyance, "makes out an absolute title in the plaintiff to the land in dispute at the date of the agreement, duly qualified by the terms of that paper." So that, strictly speaking, the point raised by this ground of appeal is not properly before us. But waiving this, we will consider whether there was any error in the charge, as we understand it, in connection with the second ground of appeal.

It is true, as contended for by the respondent, that it does not appear that there was any request by appellant to charge the proposition of law as contended for by appellant in the second ground of appeal, but this ground may well be regarded as really an exception to the ruling of the Circuit judge as to the competency of the parol testimony adduced by the appellant for the purpose of showing the understanding between the parties at the time the bid was transferred to plaintiff and the title made to him. The judge held such parol testimony incompetent, because the parties having subsequently entered into a written agreement upon the same subject, all their previous negotiations and understandings must be regarded as merged in such written agreement, and that, in the absence of fraud or mistake, or ambiguity in the terms of such written agreement, it must be regarded as containing the whole contract between the parties, and that its terms cannot be varied or contradicted by any parol testimony as to

any understanding between the parties which preceded the execution of such agreement.

While this is, no doubt, true as a general proposition, and well sustained by the authorities cited in respondent's argument, yet we do not think it true in a case like the one under consideration. The law looks with jealousy and suspicion upon all dealings between the mortgagee and the mortgagor, from the supposed influence which the former has over the latter. If therefore a deed, absolute on its face, is shown (as it may be shown by parol evidence) to have been executed merely as a security for a debt, and not intended as an absolute transfer of title, the terms of such agreement or understanding entered into at the time of the execution of the deed are not merged in any subsequent written agreement entered into by the parties. If it is once shown that the deed, though absolute on its face, was, at the time it was executed, only intended as a security for a debt, it will operate only as a mortgage, and it cannot be converted by any subsequent written agreement into an absolute conveyance, unless such subsequent agreement is based upon a sufficient consideration, and is shown to have been fairly made, without undue influence by the creditor; and the burden of showing this is upon the mortgagee. In other words, it must amount to a sale of the equity of redemption, fairly made, upon sufficient consideration. These views are fully supported by authority. *Russell* v. *Southard*, 12 *How.*, 139, recognized in *Lee* v. *Lee*, 11 *Rich. Eq.*, 582, and followed by *Babcock* v. *Wyman*, 19 *How.*, 289; *Villa* v. *Rodriguez*, 12 *Wall.*, 323; *Morgan* v. *Shinn*, 15 *Wall.*, 105; *Peugh* v. *Davis*, 96 *U. S.*, 332; *Brick* v. *Brick*, 98 *U. S.*, 514.

But in considering the correctness of a ruling or charge of the Circuit judge, we must look at it, not as an abstract proposition, but with reference to the case as made by the pleadings and evidence. In this case the defendant, by her answer, did not set up any agreement or understanding entered into between herself and the plaintiff, at the time her bid was transferred to him, different from that contained in the written agreement of January 28, 1878, but, on the contrary, she expressly refers to and relies upon such agreement as containing the terms and conditions upon which her bid was transferred, and to that, therefore, she must

be confined. There was no room for parol evidence of any other agreement, for none such was set up in defendant's answer, but, on the contrary, her second defence is based solely upon the written agreement of January 28, 1878. While, therefore, we do not agree with the Circuit judge in the reason given by him for ruling the parol testimony as to a previous understanding between the plaintiff and the defendant incompetent, we think his ruling was correct, for the reason which we have indicated. It follows necessarily from this that there was no error in the charge that the written agreement of January 28, 1878, must be considered as containing all the terms of the agreement between the parties.

The next inquiry is that raised by the third ground of appeal, to wit: whether there was any error in charging the jury that the agreement of January 28, 1878, was a conditional sale. We do not see how there can be any question upon this point. The parties have expressly said in the agreement itself: "this paper is not a mortgage but a contract for a conditional sale," and the defendant herself in her answer has twice designated the paper as a contract for a conditional sale, and this ought to be conclusive.

The questions whether there was any error in that part of the charge where the jury were instructed "that time was of the essence of that contract, and if defendant, Mrs. Martin, failed to pay the price stipulated, or at least to tender the same, on or before the day fixed for the payment (December 3, 1879), the land became vested in plaintiff absolutely, without qualification, unless before that time some new relations between the parties were established in relation to the land by a valid contract;" and whether there was not a practical and substantial compliance with the terms of the contract, by the sale of the Home place to Holland, and the consequent arrangement for defendant to remove from that place to the River place, have not been raised by any exception, and are not before us for consideration. We are not, therefore, to be regarded as intimating any opinion, either one way or the other, as to these points.

The only remaining question is that presented by the fourth ground of appeal. We think that it has been settled by a series of decisions in this state, that while a judge may submit issues of

fact arising in a case in chancery to the jury, yet this is only for the purpose of enlightening the conscience of the judge, and the verdict of the jury in such a case is not final or controlling, and does not warrant the entry of judgment thereon. The parties are entitled to the opinion of the court itself, both upon the issues of fact and law, and the judgment to be rendered in such a case must be the result of the conclusions of the judge as well on the facts as on the law. It is error, therefore, to enter judgment upon the verdict. *Flinn* v. *Brown*, 6 *S. C.*, 209; *Gadsden* v. *Whaley*, 9 *Id.*, 147; *Sloan* v. *Westfield*, 11 *Id.*, 445; *C. C. & A. R. R. Co.* v. *Earle*, 12 *Id.*, 53. The same rule applies even when the action is commenced for the enforcement of a mere legal right, but in which defences are interposed raising equitable issues, so far as the trial and determination of such issues are concerned. *Adickes* v. *Lowry*, 12 *S. C.*, 97.

The case now under consideration belongs to the latter class. Like *Adickes* v. *Lowry*, it was an action to recover possession of real estate, in which the plaintiff sought to enforce a mere legal right; but the defences interposed were both legal and equitable in their character. The first defence presented merely legal issues and was therefore properly triable by a jury. But the other two defences were plainly equitable in their character. So far as the second defence was concerned, the Circuit judge practically determined that by his instructions to the jury; but the third defence seems to have been left wholly to the jury, and their verdict was accepted as final and conclusive, for it does not appear that the judge ever passed upon the question of fact raised by this defence, or rendered any judgment or opinion of his own thereon, but, on the contrary, simply left it to the jury, and the judgment was entered upon their verdict. Upon this ground, therefore, the case must go back.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.

MR. CHIEF JUSTICE SIMPSON concurred.

MR. JUSTICE McGOWAN. I concur in the result. The jury found every issue of fact for the plaintiff. But as the defence

involved in the alleged verbal agreement when Mrs. Martin removed to the River place, was equitable in its nature, it seems that, according to the case of *Adickes* v. *Lowry*, the Circuit judge, in the exercise of his chancery powers, should have himself determined it, and not submitted it to the jury. The record discloses no objection at the trial to that issue going to the jury along with the other questions of fact; but possibly the judge, even against the consent of the parties, should have decided it himself, and not having done so, the case must go back upon that point alone.

Judgment reversed.